IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-159-BO

| | | |
|---|---|---|
| TERESA LYN BULLARD, | ) | |
|     *Plaintiff,* | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| KILOLO KIJAKAZI, Commissioner of | ) | |
| Social Security, | ) | |
|     *Defendant.* | ) | |

This cause comes before the Court on cross motions for judgement on the pleadings [DE 35, 38]. For the reasons that follow, the plaintiff's motion is granted and defendant's motion is denied. The case is remanded for further proceedings.

## BACKGROUND

On June 20, 2017, plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging an onset date of June 1, 2016. Plaintiff's applications were initially denied on August 17, 2017 and again later, upon reconsideration. Plaintiff appealed and had a hearing before an Administrative Law Judge ("ALJ") on May 6, 2019. On August 28, the ALJ issued an unfavorable decision and found that plaintiff was not disabled. Plaintiff requested review of this decision and, on July 1, 2020, the Appeals Council denied plaintiff's request for review and the denial became the final decision of the Commissioner.

At the time of plaintiff's hearing, she was 49 years old, weighed 195 lbs., and was 5'6" tall. Plaintiff previously worked as a school and prison lunch server, but stopped working in 2016 when she fell while working at a prison and injured her right side.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported

by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments

("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since June 1, 2016. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease; degenerative joint disease; chronic pain syndrome; depression; and anxiety. At step three, the ALJ found that plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments. The ALJ found that plaintiff had the residual functional capacity ("RFC") to perform light with some limitations. The ALJ concluded that plaintiff must have work that allows to her sit for 20 minutes and then stand for 20 minutes alternatively throughout the workday. The ALJ found that plaintiff's impairments could reasonably cause plaintiff's alleged symptoms, but concluded that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not consistent with the evidence of the medical record. At step four, the ALJ found that plaintiff was unable to perform her past relevant work. At step five, the ALJ found that plaintiff was capable of performing other work.

Plaintiff argues that the ALJ erred in finding that plaintiff's shoulder pain, obesity, and chronic pain syndrome were not severe impairments. Plaintiff also argues that the ALJ cherrypicked evidence from the medical record in order to find plaintiff not disabled.

Plaintiff's treating physician at Scotland Memorial Hospital, Dr. Oxendine, found that plaintiff had right hip joint tenderness, lower back pain, an antalgic gait, and that plaintiff was unable to continue physical therapy due to pain. Between 2015 and 2017, treating physician Dr. Locklear diagnosed plaintiff with depression disorder, anxiety, and insomnia. An examination at Southeastern Lifestyle Center in March 2018 also found lumbar pain that aggravated with bending her knees. During these visits, plaintiff consistently reported have a very significant pain level and little relief with therapy. In 2016, two examining doctors found that her lower back pain was exacerbated by her lumbar degenerative disc disease and that she was not a good candidate for surgery. Plaintiff received treatment from Carolina Bone & Joint, as well as Dial Chiropractic Center in 2017. Plaintiff always presented with pain in the hip, pelvis, and lower back. In 2018, plaintiff was treated by Dr. Allen at Allen Orthopedic & Sports Medicine and Joint Replacement Surgery, Physical Therapy and Rehabilitation for right shoulder pain. Plaintiff received injections for her pain, but plaintiff did not improve. Plaintiff began treatment for obesity in 2018 at Southeastern Regional Physician Services. Plaintiff had a BMI of 34.41, well above normal, as she weighed 194 lbs. at a height of 5'6". Her BMI did not improve with several more visits.

The conclusion of a non-examining physician cannot, by itself, serve as substantial evidence to support a denial of disability benefits, especially when it is contradicted by other medical evidence in the record. *Smith v. Schweiker*, 795 F.2d 343, (4th Cir. 1986). The ALJ in this case appears to have erred in weighing the non-examining physician's opinions over the numerous opinions of physicians who actually examined and treated plaintiff over a period of several years. The opinions of the treating physicians appear to indicate that plaintiff is not capable of performing the light RFC work that the ALJ suggested. The ALJ appears to have

4

cherrypicked evidence from the record to find plaintiff's own description of the persistence of her symptoms unlikely. Plaintiff's reports to her doctors over a period of several years were consistent with her testimony about her condition. The ALJ's ultimate determination lacks a logical bridge from the medical evidence in this case. Accordingly, the decision must be remanded for further proceedings.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. The plaintiff's motion for judgement on the pleadings [DE 35] is GRANTED. The government's motion for judgement on the pleadings [DE 38] is DENIED. This matter is REMANDED to the Commissioner for further proceedings.

SO ORDERED, this 29 day of August, 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE